IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 01-291-2 |
| | ) |
| LAWRENCE A. SKIBA | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court are a motion for appointment of counsel pursuant to 18 U.S.C. §3006A (Document No. 360) and an application to proceed without prepayment of fees (Document No. 362) filed by Lawrence A. Skiba ("defendant") in the above-captioned case. For the following reasons, defendant's motion to proceed in forma pauperis will be granted, but his motion for appointment of counsel will be denied.

On March 22, 2005, defendant appeared before this court and was sentenced to a term of imprisonment of 240 months following his plea of guilty to two counts of murder-for-hire in violation of 18 U.S.C. §1958. Defendant appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit. On April 28, 2006, the appellate court affirmed defendant's conviction and sentence.

Defendant now wishes to pursue a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. To that end, he has filed a motion for appointment of counsel pursuant to 18 U.S.C. §3006A and an application to proceed without prepayment of fees. Having reviewed the affidavit submitted by defendant with his application, the court is satisfied that defendant does not have the ability to pay costs and he will be permitted to proceed in forma pauperis.

However, defendant's motion for appointment of counsel pursuant to 18 U.S.C. §3006A will be denied as the court, in its discretion, finds that the interests of justice do not require the appointment of counsel in this case.

It long has been established that there is no federal constitutional right to counsel when mounting a collateral attack upon a criminal conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). While Rule 8 of the Rules Governing Proceedings Under 28 U.S.C. §2255 requires the appointment of counsel where an evidentiary hearing is warranted, see also United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005), the decision to appoint counsel in a §2255 proceeding otherwise is left to the discretion of the court. See 18 U.S.C. §3006A(a)(2)(B) ("[w]henever ... the court determines that the interests of justice so require, representation may be provided" in a §2255 proceeding) (emphasis added).

2

Here, there is nothing before the court at this time which would suggest that the interests of justice would require the appointment of counsel for the filing of a §2255 motion, particularly in light of the fact that defendant's motion in all likelihood will be time-barred, absent equitable tolling, as the one-year statute of limitations for filing such a motion expired on July 27, 2007, one year after the expiration of defendant's ninety-day window to file a timely petition for writ of certiorari with the United States Supreme Court after the Court of Appeals affirmed his conviction and sentence on April 28, 2006.

Moreover, aside from any procedural bar to defendant's motion, defendant has not provided any indication of any potential claims which he intends to raise in a §2255 motion for which an evidentiary hearing possibly would be warranted which would require the appointment of counsel for such a hearing.

Defendant has advanced no basis upon which the court might conclude that the interests of justice require the appointment of counsel to file a §2255 motion. Accordingly, the court will exercise its discretion under 18 U.S.C. §3006A and deny defendant's motion for appointment of counsel.

An appropriate order follows.

ORDER OF COURT

AND NOW, this _21st_ day of January, 2009, upon due consideration of defendant's pro se motion to proceed without

AO 72
(Rev. 8/82)

prepayment of fees (Document No. 362), IT IS ORDERED that defendant's motion be, and the same hereby is, **granted**; and,

IT FURTHER IS ORDERED that defendant's pro se motion for appointment of counsel pursuant to 18 U.S.C. §3006A (Document No. 360) be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Shaun E. Sweeney
Assistant U.S. Attorney

Lawrence A. Skiba

4

AO 72
(Rev. 8/82)